UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Marjory J. Salazar<br>　　　　Debtor<br><br>Jose Luis Lioni<br>　　　　Co-Debtor<br><br>Fay Servicing, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4<br>　　　　Movant<br>　　v.<br><br>Marjory J. Salazar<br>Jose Luis Lioni<br>Scott F. Waterman- Trustee<br>　　　　Respondents | CASE NO.: 20-13966-pmm<br><br>CHAPTER 13<br><br>Judge: Patricia M. Mayer |

## SETTLEMENT STIPULATION IN LIEU OF MOTION FOR RELIEF

WHEREAS, on October 2, 2020, Marjory J. Salazar (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, Fay Servicing, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4 (the "Movant") is a Secured Creditor which holds a mortgage on real property of the Debtors located at 547 N Front St, Reading, PA 19601 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among

counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Brenna Hope Mendelsohn, as follows:

1. The parties hereby certify that the post-petition arrearage is **$1,238.22**, consisting of the following:

| Taxes (Berks County) | March 30, 2021 | $477.62 |
|---|---|---|
| Hazard Insurance | February 6, 2021 | $298.00 |
| Hazard Insurance | February 6, 2021 | $302.00 |
| Hazard Insurance | May 6, 2023 | $160.60 |
| **TOTAL:** | | **$1,238.22** |

2. Commencing on August 1, 2023, through and including April 1, 2024, Debtor shall tender payments of $137.58 directly to Movant in order to cure the post-petition arrearage.

3. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make the above described payments, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

4. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

5. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

6. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

7. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

8. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: August 24, 2023

/s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: August 24, 2023

/s/ Brenna H. Mendelsohn
Brenna Hope Mendelsohn, Esquire
*Counsel for Debtor*

Date: 8/24/23

Scott F. Waterman, Trustee
*Chapter 13 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Marjory J. Salazar<br>        Debtor<br><br>Jose Luis Lioni<br>        Co-Debtor<br><br>Fay Servicing, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4<br>        Movant<br>v.<br><br>Marjory J. Salazar<br>Jose Luis Lioni<br>Scott F. Waterman- Trustee<br>        Respondents | CASE NO.: 20-13966-pmm<br><br>CHAPTER 13<br><br>Judge: Patricia M. Mayer |

## **ORDER APPROVING SETTLEMENT STIPULATION**

AND NOW, this _____ day of _____, 2023, it is hereby ORDERED and DECREED that the Settlement Stipulation resolving Creditor, Fay Servicing, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4 in lieu of Motion for Relief from Automatic Stay is hereby APPROVED.

BY THE COURT:

_____

Patricia M. Mayer, Bankruptcy Judge